IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CLAY MEANS,**

    **Petitioner,**

vs.                                    Case No. 2:15-cv-80-VEH-TMP

**STATE OF ALABAMA, and the
ATTORNEY GENERAL of the
STATE OF ALABAMA,**

    **Respondents.**

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation on November 30, 2015, recommending dismissal of petitioner's 28 U.S.C. § 2255 petition. (Doc. 10). Petitioner requested and received an extension of time in which to file objections, and on January 4, 2016, objections were filed. (Doc. 13).[1] Having now carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED** and the recommendation **ACCEPTED**.

---

[1] Petitioner also filed, on January 27, 2016, a request for a polygraph testo to prove he is not guilty. (Doc. 15). In that document, he also requests a hearing. Those requests are **DENIED**.

## PROCEDURAL HISTORY

The undersigned initially notes that, on August 17, 2015, Petitioner filed a Motion To Amend. (Doc. 9). That motion was granted by the magistrate judge in his report and recommendation. (Doc. 10 at 7) ("The motion to amend is GRANTED, and the argument and authorities set forth therein have been considered by the court."). The undersigned agrees with the magistrate judge that the motion to amend does not "seek to add additional claims, but does offer additional argument and support for his claim." (Doc. 10 at 7). The undersigned, like the magistrate judge, has considered that additional argument and support.

As noted in the Report and Recommendation, the petition was filed on or about January 16, 2015 "on a form used by prisoners in state custody seeking relief pursuant to 28 U.S.C. § 2254." (Doc. 10 at 1). However, Petitioner is and "has been in federal custody continuously since 1995." And, although the form used by Petitioner asserts § 2254 as its basis, it is clear that his substantive assertion is that the federal district judge erred in "increas[ing] his punishment" based on his prior state court convictions in 1977 and 1989 for "simple drug possession." (*See* doc. 9 at 1, citing United States Sentencing Guidelines § 4B1.1). Thus, the magistrate judge properly treated the petition as brought pursuant to 28 U.S.C. § 2255, and not § 2254. (Doc. 10 at 8) ("[I]t is clear that the instant petition must be treated as one brought pursuant to § 2255 because it attacks the

use of the 1989 [state court] conviction to enhance a federal sentence for which [Petitioner] is now in custody.").

### PETITIONER'S CLAIMS

Petitioner sets out two grounds for relief, as follows.

**GROUND ONE:**
I WAS CONVICTED BY JURY AND RECEIVED LIFE IMPRISONMENT IN 1983; AND I WAS PAROLE IN 1988. ITS VERY HIGHLY IMPOSSIBLE FOR ME, TO BE IN TWO PLACES AT THE SAME TIME.

**GROUNDS TWO:**
ITS NO WAY POSSIBLE THAT I COULD'VE COMMITTED THIS CRIME FOR THE SALE OF $25.00 IN COCAINE (POWDER) IN 1986 OF DECEMBER

ATTORNEY DRISKELL FAILED TO MAKE ANY ATTEMPT TO USE THE INFORMATION GIVEN HIM. INFORMATION THAT WOULD HAVE VINDICATED ME OF ANY WRONG DOING, BECAUSE THE INFORMATION HE POSSESSED WAS REQUISITE.

NEXT, BECAUSE OF COERCION, I ALTERED MY NOT GUILTY PLEA. AN APPEAL WAS TAKEN, BUT WITHOUT MY CONSENT OR KNOWLEDGE, THE APPEAL WAS WITHDRAWNED BY MY ATTORNEY, DWIGHT DRISKELL.

(Doc.1 at 16).

### THE REPORT AND RECOMMENDATION

The magistrate judge determined that, whether viewed under 28 U.S.C. § 2255

or 28 U.S.C. § 2254, the petition was successive,[2] was brought without permission of the United States Court of Appeals, and thus was due to be dismissed without prejudice on the basis that this court lacks jurisdiction to hear successive petitions brought without appellate permission. (Doc. 10 at 7-8) ("28 U.S.C. § 2244(b)(3) limit[s] the ability of district courts to consider *habeas* claims under both § 2254 and § 2255 brought in 'second or successive petitioners or motions." *** Without 'pre-clearance from the court of appeals, the district court simply lacks authority to consider a 'second or successive' application.").

The magistrate judge also determined, in the alternative, that "even if the motion were not successive, it still is due to be dismissed as time-barred by the one-year period of limitation applicable [both] to petitioners filed pursuant to § 2254 or motions filed pursuant to § 2255." (Doc. 10 at 9). Further, and also alternatively, the magistrate judge concluded that "the issue raised [actual innocence of his prior state court convictions] is procedurally defaulted because the movant never timely challenged the state-court conviction, and because he failed to raise the issue in his first § 2255 motion. (*Id*. at 9-10). Finally, and also alternatively, the magistrate judge concluded that "the claim is precluded from review because it already has been addressed on the merits in this

---

[2] "When viewed as a § 2255 claim, it is the movant's fourth motion to vacate the sentence." (Doc. 10 at 9); "If construed as a § 2254 petition, it is his second, successive petition, and is also subject to dismissal without prejudice." (*Id*. at 9 fn 4).

court." (*Id*. at 10).

## PETITIONER'S OBJECTIONS

In his Objections, the Petitioner asserts the following factual error in the Report and Recommendation: "The court alleged that an appeal was not taken in case no. CC:89 000992 which is untrue." (Doc. 13 at 1). However, Petitioner then goes on to state that "Moreover, an appeal were [sic] filed August 9, 1989, but on September 6, 1989, the appeal was withdrawned [sic] by his attorney Dwight Driskell without his [Petitioner's] knowledge." Petitioner's "facts" establish that the challenged error has no impact on the analysis. Although it would have been better if the magistrate judge had said that "although an appeal was filed, it was withdrawn," this change in wording has no impact on the magistrate judge's analysis. Further, Petitioner never explains why he didn't know (and shouldn't, in the exercise of due diligence, have known) from September 6, 1989 until he filed this Petition in January of 2015 that the state court appeal had been withdrawn.[3]

The court has also considered the legal arguments raised in Petitioner's Objections. First, Petitioner relies on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) as

---

[3] The court notes that, attached to his Objections, Petitioner has filed a partial case disposition sheet for the 1989 case and the page that is attached shows that his counsel moved for leave of court to withdraw the appeal (docket entry date 9/5/89), that the motion was granted and the appeal dismissed (docket entry dated 9/6/89) and that a "Certificate of Dismissal no opinion" was entered and "Notice mailed to deft." (Docket entry dated 9/14/89). (Doc. 13 at 5).

factually similar and supporting his claim. In that case, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin*, 133 S.Ct. at 1928. However, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Accordingly, to the extent that the Report and Recommendation asserts procedural bars or time limitations as a basis to dismiss Petitioner's claim of actual innocence (of the 1989 state court drug distribution offense), the Objections are due to be, and hereby are, **SUSTAINED**. However, to the extent that the Report and Recommendation asserts procedural bars or time limitations as a basis to dismiss Petitioner's ineffective assistance of state court counsel claim, the Objections are due to be, and hereby are, **OVERRULED**. The undersigned adopts all the factual findings of the report and accepts the recommendation that Petitioner's ineffective assistance of state court counsel claim be **DISMISSED WITHOUT PREJUDICE** for <u>all</u> of the alternative reasons stated in the Report and Recommendation.

**PETITIONER'S "ACTUAL INNOCENCE" BASED CLAIM**

The undersigned will now examine the merits of Petitioner's "actual innocence" claim.

Here, Petitioner has pointed to <u>no</u> "new evidence." Rather, he asserts <u>but does not establish</u> that he was in state custody on December 30, 1986, and so could not have committed that crime. (Doc. 13 at 1) ("For the sake of arguement [sic], its [sic] highly impossible for him to be in two (2) place [sic] at the same time when the alleged crime committed on December 30, 1986, he was paroled from the life sentence in <u>1988</u>." (emphasis in original). The undersigned finds that it is similarly "highly impossible" for Petitioner not to know that he was in state custody in 1986. Thus, any evidence of his custodial status in 1986 is not "newly discovered." Further, it <u>not</u> "highly impossible" for a person in custody to commit a crime, including a "SALE OF $25.00 IN COCAINE (POWDER)" (doc. 1 at 16). Additionally, even assuming the sale of cocaine that was the crime of conviction in CC 89 000992 occurred somewhere other than where Petitioner was confined, the documents that Petitioner relies upon to show that he was in state custody on December 30, 1986 are not in a form that would be admissible at trial and further do not establish that he was in custody on December 30, 1986.

The documents that Petitioner relies upon to show his actual innocence are found in document 13 at pages 7 and 9. Only the document at page 9 is a *Shepard* type

document. It is a Judgment Entry and shows that the Petitioner was convicted in 1983 by a state court jury of Theft of Property 1st degree and sentenced to "life [in prison]". (Doc. 13 at 9). The document at page 7 is a statement by Charles W. Edwards Probation & Parole Officer, Senior; it is signed and notarized on 9/4/2014. That document is <u>not</u> a *Shepard* type document. It states that is a "very brief summary of [Mr. Edwards's] supervision of [Petitioner] as it relates to his criminal record in the 1980's." The court acknowledges that Mr. Edwards's statement, if considered, is <u>consistent with</u> Petitioner having been convicted of Theft I and sentenced to Life and then having been paroled from that offense on 6-27-88. (*See id*.). However, Mr. Edwards's statement does not <u>say</u> that; the reader must <u>infer</u> it. Further, the statement is not under oath, an affidavit, or made on personal information. Finally, it states that it is a "very brief summary." Thus, the undersigned will not draw inferences from the limited statements made.

The undersigned finds that Petitioner has not made a colorable showing in light of "new evidence" that he is actually innocent of his 1989 conviction or, indeed, of any conviction.

It is therefore **ORDERED** that

1. The Motion To Amend (doc. 9) is **GRANTED**.

2. The claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 in the above-styled cause is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

3. Alternatively, the claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in the above-styled cause is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**DONE** this the 3rd day of March, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge